```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

D. TERRY FONTENOT                        CIVIL ACTION

VERSUS                                   NO: 05-3267

WACHOVIA SECURITIES, LLC                 SECTION: "J" (2)
```

## ORDER AND REASONS

Before the Court is Defendant Wachovia Securities, LLC's Motion for Summary Judgment. (Doc. 19.) Plaintiff D. Terry Fontenot opposes the motion. (Doc. 23.) For the following reasons, the Court finds that Defendant's Motion should be GRANTED.

## BACKGROUND

From 1998 to 2001, Plaintiff was manager of the Destin/Pensacola branches of Defendant's investment securities business. He was recruited from there in 2001 to be the manager of Defendant's New Orleans branch by the regional manager A. Patricia Bates. By July 2002, Ms. Bates expressed her disappointment in his performance. Plaintiff sent her a letter that expressed his hope that Ms. Bates' criticisms were not "tainted by age discrimination." Although Defendant, Wachovia,

received the letter, because of an incorrect address it seems that Ms. Bates never received the letter. In June, 2003, the manager position in New Orleans was consolidated with that of other branches, and Plaintiff was demoted. This demotion is not the action of which Plaintiff complains.

Following his demotion, Plaintiff repeatedly expressed his interest in applying for managerial positions in the Southeast to Ms. Bates and others, particularly in what he thought might be a soon-to-be created Mobile/Destin/Pensacola complex of branches. When a position became available for manager of the Destin/Pensacola branches it was posted on the internal job posting intranet site. Plaintiff did not apply for the position through the intranet site. Ms. Bates hired someone else for the job from among the applicants who applied on the intranet site. Both Ms. Bates and the employee hired to be manager are over forty years old.

Plaintiff complains that he was passed over for the position because of his age. Plaintiff bases his complaints of discrimination and retaliation on both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 623(a)(1) and 623(d), and on the parallel state statute, La. R.S. §§ 23:312(A)(1) and 23:312(d).

**LEGAL STANDARDS**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

The Fifth Circuit applies a shifting evidentiary burden to age discrimination cases that tracks that established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for race discrimination cases under Title VII. *Bodenheimer v. PPG Indus.*, 5 F.3d 955, 957 n.4 (5th Cir. 1993). To survive summary judgment, Plaintiff must initially establish a prima facie case of age discrimination. *Id.* at 957. To establish a prima facie case Plaintiff must produce evidence that he suffered some adverse employment decision, that he was within the protected class, and that his age prompted the employment decision. *Id.* Establishing a prima facie case creates an inference of age discrimination, which the employer is required to rebut with a legitimate non-discriminatory reason for the employment decision. *Id.* If the

employer produces evidence of a legitimate non-discriminatory reason, the inference of discrimination vanishes, and plaintiff is left with the ultimate burden of presenting evidence from which a reasonable trier of fact could infer age discrimination. *Id.* To avoid summary judgment, an age discrimination plaintiff must present evidence that the employer's proffered explanation is a pretext for age discrimination. *Id.*

The same shifting burden of production applies to cases under Louisiana's Age Discrimination Act. *See LaBove v. Raftery*, 802 So. 2d 566, 573 (La. 2001).

## PARTIES' ARGUMENTS

Defendant argues that Plaintiff was not hired to be the Pensacola/Destin branch manager because he never applied for the position. Defendant argues that Plaintiff has no evidence to support his contention that age bias was a motivating factor in the decision. Without some evidence to support an inappropriate consideration, Defendant argues that Plaintiff cannot make a prima facie case against it. Defendant argues alternatively that if a prima facie case does exist, Plaintiff cannot call into question Defendant's legitimate reasons for hiring someone else.

Plaintiff opposes the motion by pointing out inconsistencies in Defendant's explanations to the Equal Employment Opportunity Commission ("EEOC") and to this Court. He argues that these

inconsistencies are sufficient to allow a reasonable trier of fact to infer inappropriate motivations for failing to hire him. Plaintiff argues that Defendant has failed to foreclose doubt on the possibility that there are ways of applying for managerial positions other than through the job posting site. Plaintiff argues that by making Ms. Bates and others aware of his interest in a managerial position, should one open, he either applied or placed the onus on them to tell him when a position opened.

## DISCUSSION

Plaintiff cites the "*Reeves-Gee-Staten* line of defense against summary judgment" for the proposition that discrepancies in Defendant's explanations for not hiring him raise an issue for the jury as to whether Defendant discriminated or retaliated against him based on his age. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000); *Gee v. Principi*, 289 F. 3d 342 (5th Cir. 2002); *Staten v. New Palace Casino*, 2006 WL 1737438 (5th Cir. 2006). Under these cases if an employer's explanation of negative employment actions is false or not believable, then a factfinder could infer improper motivations.

In the present case, Defendant told the EEOC that Plaintiff was not hired because he had not applied for the position and had not even told anyone of his interest in the position. Plaintiff points out that Ms. Bates did know about his interest, and that

Defendant has not made the same representations to this Court. Plaintiff considers this inconsistency sufficient to call into question the veracity of Defendant's explanation. Defendant maintains that there is no inconsistency.

Although a false or unbelievable explanation coupled with a prima facie case can support a verdict in Plaintiff's favor under the cases cited, there is a significant problem with Plaintiff's case. Plaintiff did not apply for the position, so he cannot make out a prima facie case. He argues that Defendant did not foreclose the possibility of applying through other means than the job site, but a vice-president for Defendant has testified that employees must apply through the intranet site. (Doc. 19 attach. 6 at ¶ 7.) Plaintiff has not come forward with evidence of another method of application. Neither has Plaintiff come forward with evidence that he applied for the position by any means whatsoever. Plaintiff apparently expressed an interest in being manager of the Mobile/Pensacola/Destin complex, but that position did not exist. The position that eventually opened up was manager of the Pensacola/Destin complex. There is nothing in the record to suggest that Plaintiff applied for this position once it opened. Because he did not apply for the position, he cannot make out a prima facie case that the failure to hire him was discriminatory. It appears that no decision, adverse or

otherwise, was taken with respect to Plaintiff's non-existent application, and there is nothing to suggest that Plaintiff's age was a factor when the pool of applicants was being considered.

## CONCLUSION

Plaintiff is unable to make a prima facie showing that Defendant was motivated by age discrimination in failing to promote him. Therefore summary judgment is warranted for the federal and state law claims of age discrimination and retaliation against protected activities.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

New Orleans, Louisiana this the 24th day of October, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE